1  KING, HOLMES, PATERNO & SORIANO, LLP
   HOWARD E. KING, ESQ., STATE BAR NO. 77012
2  SETH MILLER, ESQ., STATE BAR NO. 175130
   SMILLER@KHPSLAW.COM
3  1900 AVENUE OF THE STARS, 25TH FLOOR
   LOS ANGELES, CALIFORNIA 90067-4506
4  TELEPHONE: (310) 282-8989
   FACSIMILE:  (310) 282-8903
5
   Attorneys for Plaintiff SISYPHUS
6  TOURING, INC.

7

8                 UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 SISYPHUS TOURING, INC.,                CASE NO.

12              Plaintiff,                **COMPLAINT FOR COPYRIGHT
                                          INFRINGEMENT**
13      vs.
                                          **DEMAND FOR JURY TRIAL**
14 TMZ PRODUCTIONS, INC., a
   California corporation; TMZ.com, a
15 fictional entity of unknown form; EHM
   PRODUCTIONS, INC., a California
16 corporation; WARNER BROS.
   ENTERTAINMENT, INC., a Delaware
17 corporation; and DOES 1-10, inclusive,

18              Defendants.

19

20      For its Complaint, Plaintiff Sisyphus Touring, Inc. ("Plaintiff") alleges as

21 follows:

22                  **THE NATURE OF THIS ACTION**

23      1.      Plaintiff owns the copyright in certain video footage (the "Footage")

24 filmed at the home studio of Jared Leto on or about September 8, 2015 that includes,

25 *inter alia*, footage of Mr. Leto and his engineer listening to music in his home

26 studio.  The Footage has never been publicly released or published by Plaintiff and

27 is working material that is confidential, private, and was not intended for public

28 exhibition.  On information and belief, an unauthorized or stolen copy of the

Footage was obtained through illicit means by a former videographer who had been retained by Plaintiff (the "Videographer"). Without the knowledge or consent of Plaintiff or Mr. Leto, the Videographer delivered the Footage to TMZ for viewing and negotiated for a payment of Two Thousand Dollars ($2,000.00). TMZ requested that Videographer sign a document confirming he had the legal right to deliver the Footage. Videographer refused to sign such an acknowledgment. Prior to any broadcast of the Footage, Plaintiff had advised Defendants that the Footage was stolen, and that Defendants were not authorized to disseminate, display, or publish the Footage on the website TMZ.com or at all. Despite prior notice from Plaintiff that the Footage was stolen and despite Videographer's refusal to acknowledge he had the rights to deliver the Footage, TMZ rushed to publish the Footage at 1:00 a.m. on December 7, 2015. Fifteen minutes after TMZ published the Footage they were informed by the Videographer of the following: "do not post the footage. I do not own it. I do not have permission." Even after receiving this written notice, TMZ continued to disseminate the Footage and still is disseminating the Footage. Plaintiff sues Defendants herein for damages and injunctive relief arising out of their willful infringement of copyright.

## JURISDICTION AND VENUE

2.      This action arises under the United States Copyright Act, 17 U.S.C. §§101 *et seq.*, based on acts of copyright infringement committed in the United States. This Court has subject matter question jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338.

3.      Venue is proper in this District pursuant to 28 U.S.C. §§1391(b), (c) and 1400(a) because Defendants, and each of them, are subject to personal jurisdiction in this District and a substantial part of the events, acts and/or omissions giving rise to the claims herein occurred in this District.

/ / /

/ / /

KING, HOLMES,
PATERNO &
SORIANO, LLP

**THE PARTIES**

4.     Plaintiff is, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California.

5.     Plaintiff is informed and believes and based thereon alleges that Defendants TMZ Productions, Inc., and EHM Productions, Inc., are California corporations conducting business in the City of Los Angeles, State of California, which operate and do business as TMZ, and that the gossip website Defendant "TMZ.com" is, and at all times relevant hereto, was, an entity of unknown type and origin that is, and at all times relevant hereto was, doing business in the City of Los Angeles, State of California.  Defendants TMZ Productions, Inc., EHM Productions, Inc., and TMZ.com are collectively referred to as "TMZ."

6.     Plaintiff is informed and believes and based thereon alleges that Defendant Warner Bros. Entertainment, Inc. ("Warner") is, and at all times relevant hereto was, a Delaware corporation with its principal place of business in New York, New York conducting business in the City of Los Angeles, State of California.

7.     Plaintiff is presently unaware of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue said Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously named Defendants when the same have been ascertained.  Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct.  Hereinafter, all Defendants including Doe Defendants will sometimes be referred to collectively as "Defendants."  For convenience, each reference to a named Defendant herein shall also refer to the Doe Defendants, and each of them.

/ / /

8.    Plaintiff is informed and believes and based thereon alleges that at all material times Defendants, and each of them, were the agents, employees, partners, joint venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them, are, and at all times herein mentioned were, acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture.  Plaintiff is further informed and believes and based thereon alleges that the acts and conduct alleged herein were known to, and authorized or ratified by, the officers, directors, and managing agents of Defendant corporations or business entities, and each of them.

## FACTS COMMON TO ALL CLAIMS

9.    Plaintiff owns the Footage, which was shot at the home studio of Jared Leto and is private, confidential and not meant to be publicly released.  Plaintiff filed an application with the United States Copyright Office to register a federal copyright in the Footage prior to the filing of this action.

10.    On December 7, 2015, TMZ broadcast the copy of the Footage on its website at "http://www.tmz.com/2015/12/07" under the headline that partially reads "Jared Leto SCREW . . . !! But I'd Love One of Her Hits."

11.    On information and belief, TMZ obtained its copy of the Footage from unknown person(s) who stole or otherwise obtained an unauthorized copy of the Footage from Plaintiff.  Before TMZ published the Footage on its website, Plaintiff had advised Defendants that Plaintiff did not authorize Defendants to use, exploit, or publish the Footage on TMZ.com, or at all, that any copy of the Footage delivered to TMZ must have been stolen from Plaintiff or Mr. Leto's home and was not authorized for distribution or exploitation, and that Defendants would infringe Plaintiff's copyright in the Footage by distributing same on TMZ.com.

12.    The dissemination of the Footage on TMZ is and was a willful infringement of Plaintiff's copyright and has caused Plaintiff significant harm.

/ / /

# FIRST CLAIM FOR RELIEF

## For Copyright Infringement [17 U.S.C. §101 *et seq.*]

### (Against All Defendants)

13.    Plaintiff repeats, realleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 12, inclusive, as though fully set forth herein.

14.    Plaintiff is the sole owner of all right, title and interest in the copyright to the Footage.

15.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have commercially used, exploited, attempted to license or sell and disseminated the copyrighted Footage, including on the website TMZ.com.

16.    Defendants' commercial use, exploitation, attempts to license or sell and dissemination of the copyrighted materials is unauthorized. Defendants' unauthorized commercial use, exploitation, licensing, attempts to license or sell and dissemination of the Footage constitutes an infringement of Plaintiff's copyright.

17.    As a direct and proximate result of Defendants' infringing activities, Plaintiff has sustained and will continue to sustain substantial injury, including damage to its and Mr. Leto's business, reputation and goodwill in an amount not yet known but to be determined according to proof at trial. As a further direct and proximate result of the infringement by Defendants, they have unlawfully and wrongfully derived income and profits from their infringing acts.

18.    Plaintiff is informed and believes and on that basis alleges that Defendants had prior knowledge of Plaintiff's rights and, therefore, Defendants' infringing activities are willful and wanton.

19.    As a result of their actions, Defendants are liable to Plaintiff for willful copyright infringement under 17 U.S.C. §501. Plaintiff suffered, and will continue to suffer, substantial damage to its professional reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to

1   proof.  In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the

2   profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. §504.

3   In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C.

4   §504(c).  These statutory damages should be enhanced by 17 U.S.C. §504(c)(2)

5   because of Defendants' willful copyright infringement.  Plaintiff is also entitled to

6   preliminary and permanent injunctive relief barring Defendants and all those acting

7   in concert with them from using, exploiting, or disseminating the Footage.

8                                              **PRAYER**

9            WHEREFORE, Plaintiff respectfully requests judgment against Defendants,

10  and each of them, jointly and severally, as follows:

11           1.      That Defendants have infringed Plaintiff's copyright in the Footage

12  under 17 U.S.C. Section 501 *et seq.*, and that the infringement by Defendants, and

13  each of them, was willful;

14           2.      For the damages suffered by Plaintiff as a result of the infringement

15  complained of herein, as well as disgorgement of any profits of Defendants

16  attributable to their infringement, including the value of all gains, profits,

17  advantages, benefits, and consideration derived by Defendants from and as a result

18  of their infringement of Plaintiff's copyright in the Footage;

19           3.      In the alternative, if Plaintiff so elects, in lieu of recovery of its actual

20  damages and Defendants' profits, for a 17 U.S.C. Section 504(c) award of statutory

21  damages against Defendants, or any of them, for all copyright infringements (willful

22  or otherwise) involved in this action as to each work in question;

23           4.      That Defendants, and each of them, and each of their respective

24  officers, agents, and employees, and all persons acting in concert with them, be

25  enjoined preliminarily, during the pendency of this action, and permanently

26  thereafter, from infringing the copyright in Footage in any manner and from

27  distributing, selling, advertising, broadcasting, publishing or communicating, in the

28

KING, HOLMES,
PATERNO &
SORIANO, LLP

3483.062/971260.4                                        6

1   United States or elsewhere, any materials that contain or refer to all or any part of

2   the Footage;

3        5.     That the Court enters an order pursuant to 15 U.S.C. Sections 503 and

4   509 mandating the impounding of all infringing copies of the Footage and any other

5   materials prepared by Defendants containing any copies of the Footage or any

6   portions thereof;

7        6.     For reasonable attorney fees and costs of suit incurred herein; and

8        7.     For such other and further relief in favor of Plaintiff as the Court deems

9   just and proper.

10

11   DATED:  December 8, 2015         KING, HOLMES, PATERNO &
SORIANO, LLP

12

13

14                            By: _____

15                                   HOWARD E. KING

16                                   SETH MILLER
         Attorneys for Plaintiff SISYPHUS TOURING,

17            INC.

18

19   **DEMAND FOR JURY TRIAL**

20        Plaintiff demands a trial by jury on all issues so triable.

21   DATED:  December 8, 2015         KING, HOLMES, PATERNO &
SORIANO, LLP

22

23

24                            By: _____

25                                   HOWARD E. KING

26                                   SETH MILLER
         Attorneys for Plaintiff SISYPHUS TOURING,

27            INC.

28