JOHN W. SPIEGEL (State Bar No. 78935)
john.spiegel@mto.com
KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
KURUVILLA J. OLASA (State Bar No. 281509)
kuruvilla.olasa@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendants and Third-Party Plaintiffs TMZ Productions, Inc., EHM Productions, Inc., and Warner Bros. Entertainment Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Sisyphus Touring, Inc.,<br><br>          Plaintiff,<br><br>     vs.<br><br>TMZ Productions, Inc., TMZ.com, EHM Productions, Inc., Warner Bros. Entertainment Inc., Does 1-10,<br><br>          Defendants. | Case No. 15-CV-09512-RSWL-PJW<br><br>**TMZ PRODUCTIONS, INC., EHM PRODUCTIONS, INC., AND WARNER BROS. ENTERTAINMENT INC.'S THIRD-PARTY COMPLAINT** |
| TMZ Productions, Inc., EHM Productions, Inc., and Warner Bros. Entertainment Inc.,<br><br>          Third-Party Plaintiffs,<br><br>     vs.<br><br>Jacob Guy Miller,<br><br>          Third-Party Defendant. | |

Defendants and Third-Party Plaintiffs TMZ Productions, Inc., ("TMZ"), EHM Productions, Inc., ("EHM"), and Warner Bros. Entertainment Inc., (jointly "Third-Party Plaintiffs") allege, on personal knowledge as to themselves and on information and belief as to the acts and state of mind of others, as follows:

## NATURE OF THE ACTION

1. At the heart of this lawsuit is a straightforward question: who owned the copyright in the allegedly infringed video on December 4, 2015? On that date, Third-Party Defendant Jacob Guy Miller represented to EHM that he created the video, that he had the right to and would sell it to EHM, and that he was free to do so "without any obligations to any third party." Plaintiff Sisyphus Touring, Inc. alleges in its Complaint (ECF Dkt. No. 1) that it owns the copyright in the footage that EHM bought and published, and that the publication infringed Plaintiff's copyright. If Mr. Miller was the videographer (as he said he was), and he had the right to transfer the work on December 4 (as he represented), then Plaintiff's infringement claim necessarily fails, because Mr. Miller irrevocably gave EHM the right to publish the work as of that date. If Plaintiff owned the copyright on December 4, then Mr. Miller breached his representations, and he is liable for any judgment that may issue against Third-Party Plaintiffs. Because this Third-Party Complaint arises directly out of the controversy in Plaintiff's Complaint, and because Mr. Miller "may be liable to [Third-Party Plaintiffs] for all or part of the claim against [them]," Third-Party Plaintiffs bring this impleader action against Mr. Miller pursuant to Federal Rule of Civil Procedure 14(a).

2. The work at issue is part of a video of Jared Leto listening to music in a studio and discussing, among other things, the music of Taylor Swift (the "Miller Video"). On December 4, 2015, Mr. Miller contacted EHM, represented that he shot and owned the Miller Video, and offered to sell it to EHM for publication on its website, TMZ.com. EHM agreed to and did purchase for publication the portion of the Miller Video in which Mr. Leto specifically discusses Ms. Swift's Music (the

-1-

"Taylor Swift Excerpt"), in exchange for EHM's agreement to compensate Mr. Miller. Mr. Miller expressly stated in writing, "I agree," to EHM's terms and conditions of sale, including (as noted) Mr. Miller's express representation that he was "able to enter into this agreement without any obligations to any third party." Pursuant to his agreement with EHM, Mr. Miller transferred the Taylor Swift Excerpt to EHM, which published it and an accompanying article, on TMZ.com on December 7, 2015.

3. On December 9, 2015, Plaintiff filed its Complaint, alleging that Third-Party Plaintiffs' publication infringed Plaintiff's claimed copyright in the video footage.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this Third-Party Complaint. Plaintiff's Complaint alleges copyright infringement, and this Court therefore has jurisdiction over the Complaint pursuant to 28 U.S.C. §§ 1331 and 1338. Third-Party Plaintiffs' claims against Mr. Miller arise out of and form part of the same case or controversy as Plaintiff's Complaint. Accordingly, this Court has supplemental jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Judicial District because Third-Party Defendant resides in this District and/or because a substantial part of the events and omissions giving rise to Third-Party Plaintiffs' claims occurred in this District.

## PARTIES

6. Third-Party Plaintiff Warner Bros. Entertainment Inc., is a Delaware corporation with its principal place of business in Burbank, California.

7. Third-Party Plaintiff EHM is a California corporation with its principal place of business in Burbank, California. EHM operates the website TMZ.com.

8. Third-Party Plaintiff TMZ Productions, Inc., is a California corporation with its principal place of business in Burbank, California.

9. On information and belief, Third-Party Defendant Jacob Guy Miller is an individual who resides in Burbank, California.

## FACTUAL ALLEGATIONS

10. On December 4, 2015, Mr. Miller, an individual identifying himself as a videographer, contacted EHM. Mr. Miller represented to EHM that he had created the Miller Video. Mr. Miller represented that he was the owner of the Miller Video and offered to sell it to EHM. Mr. Miller's representation that he owned the Miller Video accords with his representation that he created it. As the videographer, Mr. Miller would have fixed the filmed content in a tangible medium of expression.

11. A representative of EHM asked to view a portion of the Miller Video, and Mr. Miller promptly made the Taylor Swift Excerpt available for viewing by EHM. EHM told Mr. Miller that it was interested in purchasing and publishing the Taylor Swift Excerpt.

12. On December 4, 2015, at 1:17 p.m., an EHM representative sent Mr. Miller an email confirming that the parties had agreed that Mr. Miller would sell the Taylor Swift Excerpt to EHM in exchange for compensation. The email from EHM asked Mr. Miller to send "an email back stating 'I agree' to the terms of the agreement." The email from EHM also attached and requested that Mr. Miller fill out and return a written contract and a W-9 tax form. The attached contract stated that, "By accepting this offer, you acknowledge that TMZ has agreed to make the Payment to you based on your representation to TMZ that you are able to enter into this agreement without any obligations to any third party."

13. Three minutes later, Mr. Miller responded by email to the EHM representative. Mr. Miller stated in that email: "I agree. Sending video to Anthony," referring to TMZ employee Anthony Dominic. Mr. Miller also agreed to "send [the] forms back soon."

-3-

14. On December 7, 2015, at 1:00 a.m., EHM published the Taylor Swift Excerpt, together with an accompanying article written by TMZ staff and commenting on the Taylor Swift Excerpt, on TMZ.com.

15. Approximately fifteen minutes after EHM published the Taylor Swift Excerpt, Mr. Miller sent EHM an email stating: "do not post the footage. i do not own it. i do not have permission." Mr. Miller also indicated that he would not be returning the forms he had received from EHM.

16. On December 9, 2015, Plaintiff filed its Complaint against Third-Party Plaintiffs. Plaintiff alleges that Third-Party Plaintiffs are liable for copyright infringement for publishing the Taylor Swift Excerpt. Plaintiff alleges that it, and not any other person, owns the copyright in the Taylor Swift Excerpt and that any publication of the same without Plaintiff's consent was unauthorized copyright infringement.

17. Plaintiff's allegations of copyright ownership contradict Mr. Miller's representations to EHM.

18. Third-Party Plaintiffs deny that they are liable for copyright infringement for publishing the Taylor Swift Excerpt. Nevertheless, to the extent Third-Party Plaintiffs are adjudged to be liable to Plaintiff, they are entitled to seek recovery from Mr. Miller as his representations to EHM would necessarily be untrue.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

19. Third-Party Plaintiffs incorporate the allegations in Paragraphs 1-18 of this Third-Party Complaint as though fully set forth here.

20. Mr. Miller and EHM entered a contract on December 4, 2015, when Mr. Miller agreed to provide EHM the Taylor Swift Excerpt in exchange for EHM agreeing to pay Mr. Miller. The terms of this contract included Mr. Miller's

1 representation that he was the owner of the copyright in the Taylor Swift Excerpt
2 and had the authority to convey the same to EHM.

3     21. In entering into the contract to sell the Taylor Swift Excerpt to EHM,
4 Mr. Miller represented that he owned the copyright in the same and had the
5 authority to transfer it to EHM "without any obligations to any third party."

6     22. Mr. Miller affirmed his contract and representations therein when he
7 responded, "I agree," to EHM's December 4, 2015 email.

8     23. Mr. Miller affirmed his contract and representations therein when he
9 sent the Taylor Swift Excerpt to EHM.

10     24. EHM's performance—payment of compensation to Mr. Miller—is
11 excused because of Mr. Miller's breach of contract and/or attempt to repudiate the
12 contract. EHM stands ready and willing to pay Mr. Miller the bargained for
13 compensation.

14     25. To the extent Third-Party Plaintiffs are adjudged liable to Plaintiff for
15 copyright infringement, such liability and any resulting damages will necessarily be
16 a direct result of Mr. Miller's breach of his representations that he was the owner of
17 the copyright in the Taylor Swift Excerpt and that he had the authority to convey the
18 same to EHM "without any obligations to any third party."

19 <center>**SECOND CLAIM FOR RELIEF**</center>
20 <center>**(Negligent and/or Intentional Misrepresentation)**</center>

21     26. Third-Party Plaintiffs incorporate the allegations in Paragraphs 1-25 of
22 this Third-Party Complaint as though fully set forth here.

23     27. Mr. Miller represented to EHM that he owned the copyright in the
24 Taylor Swift Excerpt and had the authority to convey the same to EHM.

25     28. Mr. Miller intended EHM to rely on these representations because he
26 sought payment from EHM in exchange for the Taylor Swift Excerpt.

27     29. Third-Party Plaintiffs relied on Mr. Miller's representations in
28 publishing the Taylor Swift Excerpt.

1  30. Plaintiff has alleged that it owned the Taylor Swift Excerpt and that the Taylor Swift Excerpt was obtained from Plaintiff "through illicit means by a former videographer." To the extent Plaintiff, and not Mr. Miller, owned the copyright in the Taylor Swift Excerpt at the time Mr. Miller delivered the same to EHM, then Mr. Miller lacked reasonable grounds to believe that his representations were true or he knew that his representations were false.

31. To the extent Third-Party Plaintiffs are adjudged liable to Plaintiff for copyright infringement, it will be because Mr. Miller's representations were false and because he was negligent in making those representations or knew that those representations were false. Accordingly, Third-Party Plaintiffs' liability and damages, if any, will be a direct result of Mr. Miller's negligent and/or intentional misrepresentations.

WHEREFORE, Third-Party Plaintiffs pray for judgment as follows:

1. That, to the extent Third-Party Plaintiffs are adjudged liable to Plaintiff for copyright infringement, judgment be entered against Mr. Miller and in favor of Third-Party Plaintiffs for breach of contract and that Mr. Miller be ordered to pay Plaintiff's damages, if any, as well as any attorneys' fees or other costs of suit determined to be owed to Plaintiff;

2. That, to the extent Third-Party Plaintiffs are adjudged liable to Plaintiff for copyright infringement, judgment be entered against Mr. Miller and in favor of Third-Party Plaintiffs for misrepresentation and that Mr. Miller be ordered to pay Plaintiff's damages, if any, as well as any attorneys' fees or other costs of suit determined to be owed to Plaintiff;

3. For reasonable attorneys' fees and costs of suit; and

4. For such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | DATED: January 8, 2016 | MUNGER, TOLLES & OLSON LLP |

By:    /s/ Kelly M. Klaus
      KELLY M. KLAUS
Attorneys for Defendants and Third-Party Plaintiffs

-7-