HOWARD E. KING, ESQ. (State Bar No. 77012)
hking@khpslaw.com
SETH MILLER, ESQ. (State Bar No. 175130)
smiller@khpslaw.com
KING, HOLMES, PATERNO & SORIANO, LLP
1900 Avenue Of The Stars, 25th Floor
Los Angeles, California 90067-4506
Telephone: (310) 282-8989
Facsimile: (310) 282-8903
Attorneys for Plaintiff

JOHN W. SPIEGEL (State Bar No. 78935)
john.spiegel@mto.com
KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
KURUVILLA J. OLASA (State Bar No. 281509)
kuruvilla.olasa@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702
Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SISYPHUS TOURING, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TMZ PRODUCTIONS, INC., TMZ.COM, EHM PRODUCTIONS, INC., WARNER BROS. ENTERTAINMENT INC., DOES 1-10,<br><br>Defendants. | Case No. 2:15-CV-09512-RSWL-PJW<br><br>**JOINT RULE 26(F) SCHEDULING REPORT**<br><br>Judge: Hon. Ronald S.W. Lew<br>Date:  March 15, 2016<br>Time:  10:00 AM<br>Crtrm.: 21 |
| TMZ PRODUCTIONS, INC., EHM PRODUCTIONS, INC., AND WARNER BROS. ENTERTAINMENT INC., | |

3483.062/1003215.1

|  |  |
|---|---|
| | Third Party Plaintiffs, |
| | vs. |
| | "JAKE MILLER" (named herein as DOE 1, |
| | Third Party Defendant. |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff Sisyphus Touring, Inc. ("Plaintiff"), and Defendants TMZ Productions, Inc., TMZ.com, EHM Productions, Inc., and Warner Bros. Entertainment Inc. (jointly, "Defendants," and with Plaintiff, "Parties"), submit the following Joint Report.

**1.     Overview of the Case**

In this copyright infringement action, Plaintiff contends that it is the owner of certain video footage of Jared Leto, an actor and musician, listening to music in a studio and discussing, among other things, the music of Taylor Swift.  Plaintiff asserts that Defendants willfully infringed on Plaintiff's copyright in the video by publishing excerpts of the video on Defendants' website, TMZ.com.

Defendants deny that Plaintiff is the owner of the video and contend that they obtained the video from its true owner, the videographer who created the video. Defendants assert that they obtained an express or implied license to publish the video from the videographer who, according to Defendants, represented that he was the owner of the video.  Defendants have also asserted other defenses to Plaintiff's claim, including the defense of fair use.

Defendants have filed a Third-Party Complaint against the videographer. According to Defendants, to the extent they are adjudged to be liable to Plaintiff, they are entitled to seek recovery from the videographer for breach of contract and intentional and/or negligent misrepresentation.

/ / /

**2.      Discovery Plan [Fed. R. Civ. P. 26(f)(3)]**

     **a.      Initial Disclosures [Fed. R. Civ. P. 26(f)(3)(A)]**

The Parties will exchange their initial disclosures no later than March 15, 2016.

     **b.      Subjects, Timing, and Phasing of Discovery [Fed. R. Civ. P 26(f)(3)(B)]**

The parties agree that discovery of the merits (relating to issues of copyright ownership, license and fair use) will not be extensive and that the Court can and should set a schedule that contemplates expedited discovery of the merits issues, followed by a schedule for early motion(s) for summary judgment.  Specifically, the Parties request that the Court set a discovery cut-off for the merits phase issues of July 18, 2016.  At the conclusion of this phase of discovery, Plaintiff and/or Defendants will move for summary judgment or partial summary judgment on the merits issues.

If Plaintiff's claim proceeds past summary judgment (*i.e.*, because the Court denies Defendants' motion), then the case would proceed to damages discovery, including on Plaintiff's contention of willful infringement, which would be relevant if Plaintiff seeks statutory damages.  The Parties request that the Court defer setting a schedule for such discovery until after decision on the initial summary judgment motion(s).

     **c.      Electronically Stored Information [Fed. R. Civ. P 26(f)(3)(C)]**

In accordance with Federal Rule of Civil Procedure 34(b)(2)(E)(ii), the Parties will produce electronically stored information in a reasonably usable form. To the extent necessary, the parties will meet and confer regarding the appropriate format and specifications for the exchange of electronically stored information.

     **d.      Privilege [Fed. R. Civ. P 26(f)(3)(D)]**

The Parties do not anticipate that this case will involve any unusual or significant issues relating to privilege.

  **e. Limitations on Discovery [Fed. R. Civ. P 26(f)(3)(E)]**

  With two exceptions, the Parties do not believe that this matter requires the imposition of any limitations on discovery or that the Federal Rules of Civil Procedure or the Local Rules should be modified. First, as described above, the Parties suggest that the Court bifurcate discovery. Second, for purposes of the numerical limit on written interrogatories, the parties propose that Defendants be treated as a single party. *See* Fed. R. Civ. P 33(a)(1). In other words, Defendants, collectively, shall be permitted to serve up to 25 written interrogatories on each other party, and each other party shall be permitted to serve up to 25 written interrogatories on Defendants. The Parties reserve the right to seek additional modifications at a future date should the need arise.

  **f. Other Orders [Fed. R. Civ. P 26(f)(3)(F)]**

  The Parties will discuss and submit for the Court's review a proposed protective order.

  **g. Complexity of the Case [L.R. 26-1(a)]**

  The Parties agree that this action is not a complex case and that the Manual of Complex Litigation need not be used.

**3. Motion Schedule [L.R. 26-1(b)]**

  As discussed, the Parties anticipate filing early and focused summary judgment motions and cross-motions on the issues of copyright ownership, license, and fair use. The Parties propose Monday, August 15, 2016, as the last date for filing summary judgment motions on these issues.

**4. ADR [L.R. 26-1(c)]**

  The Parties have communicated in good faith regarding the possibility of settlement. While the Parties will continue to discuss the matter, they believe that settlement is unlikely until the Court adjudicates the Parties' proposed early summary judgment motions. If such motions do not resolve the case, the Parties

agree that they should participate in private mediation pursuant to ADR Procedure No. 3.  *See* L.R. 16-15.4

**5.      Trial Estimate [L.R. 26-1(d)]**

The Parties anticipate that trial should take no more than two Court days.

**6.      Additional Parties [L.R. 26-1(e)]**

At the time they filed the operative Third-Party Complaint, Defendants did not know the videographer's name.  Defendants have since learned the videographer's name and intend to amend their Third-Party Complaint to identify the videographer by his true name.  The parties will execute and file a stipulation for the filing of the complaint under Fed. R. Civ. P. 15(a)(2), and Defendants will serve the Third-Party Defendant.  The parties do not expect the filing or service of the amended Third-Party Complaint to affect the schedule proposed herein.

**7.      Expert Witnesses [L.R. 26-1(f)]**

The parties propose June 6, 2016 as the deadline for the disclosure of affirmative experts and affirmative expert reports, and the parties propose June 27, 2016, as the deadline for the disclosure of rebuttal experts and rebuttal expert reports.

DATED:  March 4, 2016

| KING, HOLMES, PATERNO & SORIANO, LLP | MUNGER, TOLLES & OLSON LLP |
|---|---|
| By:  /s/ Howard E. King   .<br>HOWARD E. KING, ESQ<br>Attorneys for Plaintiff | By:     /s/ Kelly M. Klaus<br>KELLY M. KLAUS<br>Attorneys for Defendants |

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2016, I electronically filed the foregoing **JOINT RULE 26(F) SCHEDULING REPORT** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Joey S. Gossett*
Joey S. Gossett

3483.062/1003215.1