KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
SETH MILLER, ESQ., STATE BAR NO. 175130
SMILLER@KHPSLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Plaintiff SISYPHUS TOURING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SISYPHUS TOURING, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TMZ PRODUCTIONS, INC., a California corporation; TMZ.com, a fictional entity of unknown form; EHM PRODUCTIONS, INC., a California corporation; WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:15-cv-09512-RSWL (PJWx)<br>Hon. Ronald S. W. Lew, Courtroom 21<br><br>**PROTECTIVE ORDER**<br><br>Action Commenced:  December 9, 2015<br>Trial Date:                    January 10, 2017<br><br>**DISCOVERY MATTER** |

Upon stipulation of the parties and consideration of the representations of the parties and the matters presented to the Court, the Court enters this Order to provide for protection of the respective parties' confidential, proprietary and financial information for purposes of discovery and pre-trial in this proceeding.

1.  <u>Information Subject To The Protective Order</u>:  The parties seek protection for, including without limitation, confidential, proprietary, and/or financial information that has not been made public.  Each of the parties hereto represents to the Court in regard only to its own respective confidential materials that the foregoing materials are and at all times have been maintained in confidence

by each respective party, are not publicly available, and have not been disclosed to third parties except to the extent reasonably necessary for business purposes under circumstances where the confidentiality of the materials would be maintained; and that public disclosure of the foregoing materials, including to each respective party's competitors, could cause competitive injury and prejudice, or is information of a personal and confidential nature in which the affected person has a reasonable expectation of privacy.  The foregoing is by way of example only and is not intended to limit and is without prejudice to: (a) the nature or scope of materials subject to protection hereunder, or the right of any party to challenge the scope of materials subject to protection; (b) any party's right to challenge any other party's confidentiality designation made hereunder with respect to any specific documents or information produced in discovery; or (c) any party's objections to producing any specific documents or information in discovery or otherwise in connection with this action.

2.	For the purposes of this Order, the words "document" and "documents" are used in the broadest possible sense and refer, without limitation, to documents as they are defined in Fed. R. Civ. P. 34(a)(1)(A) and 34(b)(2)(B).

3.	In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Protective Order.  Confidential information is information which has not been made public and which concerns or relates to the matters described in Paragraph 1, above.

4.	By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Fed. R. Civ. P. 26(g).

5.	Confidential documents produced in physical format (including copies of physical documents produced in PDF, .tiff or other machine-readable format)

KING, HOLMES, PATERNO & SORIANO, LLP

3483.062/1024533.1

2

shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" or by cover letter designation identifying the page number(s) of the production that the party designates as Confidential.  Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as Confidential, unless otherwise indicated by the producing party.  Responses to interrogatories or requests for admissions may be designated as "CONFIDENTIAL" by clearly labeling them as such on the cover or the responses or in the body of any individual response(s).  Any Confidential electronically stored information produced on magnetic disks or other computer-related media may be designated as such by labeling each disk or analogous media "CONFIDENTIAL" when produced.  Electronic or native documents or information shall be similarly labeled where practicable, and where not practicable, written notification by a producing party that it is producing materials designated as "CONFIDENTIAL" shall suffice for Confidential treatment as provided herein.

6.  Testimony taken at a deposition may be designated as Confidential by making a statement to that effect on the record at the deposition or, within 10 days of the preparation of the transcript of the deposition, identifying in writing the confidential portions of the transcript.  Upon a party identifying the testimony as Confidential prior to preparation of the transcript, the court reporter shall prepare the transcript of the testimony in a separate binder designated as confidential.  Testimony designated as confidential after the transcript is prepared shall be maintained as confidential, and counsel will be responsible for marking the copies of the transcript in their possession or under their control as confidential in accordance with the designation.

7.  Material designated as Confidential under this Protective Order, the information contained therein, and any summaries, copies, compilations, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used by the receiving

party only for the purpose of the prosecution, defense, or settlement of this action, including any appeals, and for no other purpose.

8. Confidential Material produced pursuant to this Protective Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel, and in-house counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, employee, manager, or representative of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) the authors, senders, addressees, and copy recipients of the Confidential Material; and

(e) any other person as to whom the parties in writing agree.

Confidential Material produced pursuant to this protective order may be shown to a witness at a deposition held in connection with this action, where such Confidential Material is relevant to the subject matter of which the deponent could or is likely to have knowledge, but the witness shall not be permitted to retain copies of any Confidential Material shown to the witness.

9. Prior to receiving any Confidential Material, each "qualified person" under subparagraph 8(b), above, shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of **Exhibit A**. Disclosing counsel shall retain the signed copies of **Exhibit A** in its file for at least three (3) years after termination of this action.

10. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action,

whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

11. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.

12. Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by providing all parties with a declaration executed under penalty of perjury agreeing to comply with and be bound by the provisions of this Order and to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing or otherwise providing relief relating to this Order, provided that nothing herein shall require the parties hereto to produce or provide Confidential Material to any third-party.

13. If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed with the Court, such papers shall be submitted for filing with the Court along with an application and proposed order to file the papers under seal in compliance with Local Rule 79-5. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

14. If Confidential Material is inadvertently disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall make reasonable efforts under the circumstances to secure the return of such Confidential Material from any unauthorized person who has possession of it and to prevent disclosure by each unauthorized person who received such Confidential Material. The inadvertent or unintentional disclosure of any Confidential Material without an appropriate designation shall not be construed to be a waiver, in whole or in part, of that party's right to claim that the Confidential Material should be subject to protection as Confidential Material under this Order.

15. This Protective Order shall be without prejudice to the rights of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, (b) to seek and obtain, upon an appropriate showing, additional protection with respect to the confidentiality of Confidential Material or relief from this Protective Order with respect to particular designated Confidential Material, or (c) to present a motion to the Court under Fed. R. Civ. P. 37 to compel the redesignation or production as to any particular document or information should any party object to any designation of confidentiality, provided the parties comply with Local Rule 37.  In making or opposing any motion regarding the designation of specific material as confidential under this Order, the designating party shall bear the burden of showing specific harm or prejudice that will result if no protective order is granted for the material.  This Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

16. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Protective Order or the production of any information or document under the terms of this Protective Order or any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

17. This Protective Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, including all appeals, counsel for a party may make a

King, Holmes, Paterno & Soriano, LLP

written request for the destruction of the Confidential Materials designated by that party. Upon receipt of such a written request, all other parties shall assemble and return to the requesting party all Confidential Material, including all documents, material and deposition transcripts designated as Confidential and all copies, abstracts, and summaries of same, or shall certify the destruction thereof. Notwithstanding the foregoing, the parties shall not be obligated under this Protective Order to ensure the destruction of any copies of electronically-stored information made by the automatic processes of their computer systems, including but not limited to any such copies that may reside on their servers and/or backup tapes.

    18. If a party or other person subject to this Protective Order is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Material that party or person must:

    a. promptly notify in writing the party or parties that designated such material as Confidential. Such notification shall include a copy of the subpoena or court order;

    b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    c. cooperate with respect to all reasonable procedures sought to be pursued by the party or parties that designated the material at issue as Confidential.

    If a designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any Confidential Material before a determination by the court from which the subpoena or order issued, unless the party served with the subpoena or court order has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its Confidential Material and nothing in these provisions

KING, HOLMES, PATERNO & SORIANO, LLP

should be construed as authorizing or encouraging a party to disobey a lawful directive from another court.

IT IS SO ORDERED.

Dated: June 17, 2016

_____
JUDGE, UNITED STATES DISTRICT COURT

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

_____ declares that:

I reside at _____, in the city of _____, County of _____, State of _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and understand the terms of the Protective Order dated _____, 2016, filed in Civil Action No. 2:15-cv-09512-RSWL (PJWx), pending in the United States District Court for the Central District of California. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

Upon written request I shall, within thirty (30) days, return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents. Notwithstanding the foregoing, I shall not be obligated under the terms of this Protective Order to ensure the destruction of any copies of electronically-stored information made by the automatic processes of my company's computer systems, including but not limited to any such copies that may reside on its servers and/or backup tapes.

I submit myself to the jurisdiction of the United States District Court for the

KING, HOLMES, PATERNO & SORIANO, LLP

3483.062/1024533.1

9

Central District of California for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: _____          _____
              (date)                                               (signature)