KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
SETH MILLER, ESQ., STATE BAR NO. 175130
SMILLER@KHPSLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Plaintiff SISYPHUS TOURING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SISYPHUS TOURING, INC.,<br><br>                    Plaintiff,<br><br>          vs.<br><br>TMZ PRODUCTIONS, INC., a California corporation; TMZ.com, a fictional entity of unknown form; EHM PRODUCTIONS, INC., a California corporation; WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>                    Defendants. | CASE NO. 2:15-cv-09512-RSWL (PJWx)<br>Hon. Ronald S. W. Lew, Courtroom 21<br><br>**DECLARATION OF NAEEM MUNAF**<br><br>Action Commenced: December 9, 2015<br>Trial Date:               None |

I, NAEEM MUNAF, declare as follows:

1.   I am a professional videographer.  I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

/ / /

/ / /

/ / /

/ / /

/ / /

3483.062/985329.1

DECLARATION OF NAEEM MUNAF

2. I have experience in contracted videography work. When I am hired to do video work for others, I understand that the final product will be owned by them.

3. On or about September 8, I was contacted by Jared Rosenberg to shoot video for Jared Leto. Based on my communications with J.R., and from my own past experiences, I understood that Jared Leto and his company would own the footage.

4. After being hired by J.R., I went to the studio to record behind-the-scenes footage of Jared Leto and his band.

5. I didn't think that the footage I recorded was owned by me. Jared Leto and his company owned the footage I recorded.

6. I have been paid for the recording services.

7. I signed the attached non-disclosure agreement, attached as Exhibit A. This agreement accurately reflects the oral understanding I had with J.R. J.R. is Jared Rosenberg, who I know works for Jared Leto and his company.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed January 21, 2016, at Santa Monica, California.

_____
NAEEM MUNAF

**EXHIBIT A**

NON-DISCLOSURE AGREEMENT

This agreement ("Agreement") sets forth the understanding between Sisyphus Touring, Inc., Necronomicom, Inc. and all affiliated and related entities, persons and companies affiliated therewith, including without limitation Jared Leto and the musical recording artists known as "Thirty Seconds to Mars" ("Artist") and all family members, managers, business managers, agents, employees, clients, officers, advisors, heirs, associates and legal representatives (hereinafter severally and collectively referred to as "Company," "we" or "us") on one hand, and _____Naeem Munaf_____ (hereinafter referred to as "you"), _____Glendale CA_____ (address), on the other hand, with respect to your services performed for us, from inception, regardless of when where such services were performed, and any and all materials created in connection therewith. In the course of such services, we may allow you access to creative, personal, financial, business, technical and other confidential information, materials and/or ideas with respect to Artist and us. All such information and materials shall be referred to herein severally and collectively as "Proprietary Materials," which term shall include, without limitation, anything you may learn or discover as a result of exposure to, analysis of or contribution to any Proprietary Materials in the course of performing your services hereunder or otherwise.

In consideration for our negotiations concerning the speculative services or other future services you may or may not provide for us, you hereby acknowledge and agree as follows:

1.  You will hold in confidence and will not possess, use, exploit, transmit or share the Proprietary Materials or any portions or excerpts thereof (except as required to evaluate and perform your services as requested or directed by us) in any manner, medium or form or disclose, disseminate or transmit any information regarding Proprietary Materials. You will not reverse engineer, change, alter or attempt to derive, adapt or misrepresent any underlying information, structure or ideas embodied in the Proprietary Materials. You acknowledge and agree that this Agreement does not grant you any license in or any ownership or rights in or to any of the Proprietary Materials or any portions thereof or the rights to use, exploit, transfer, share, transmit, broadcast or retain the Proprietary Materials in any manner, medium or form. The results and proceeds of your services and any contributions by you to us and in or in connection with the Proprietary Materials shall be owned exclusively by us as a work-for-hire, worldwide in perpetuity.

2.  You will return all Proprietary Materials and all copies, extracts, digital files, computer programs, password and all objects, items or elements in which Proprietary Materials may be contained or embodied promptly upon completion of your services hereunder or otherwise as we request.

3.  You acknowledge and agree that Artist is a public figure, that the privacy of Artist and us is highly valued and that all efforts are made to maintain confidentiality with respect to all information and other material of every kind concerning Artist and us. Accordingly, you hereby agree that you shall not at any time use or disclose, directly or indirectly, any information in any way relating to Artist or us, including, but by no means in the way of limitation, any information concerning Artist's or our business activities or ventures, personal life, finances, investments, performances, professional and personal relationships, medical matters, family members, legal

matters, otherwise, and all such information shall be deemed to be confidential, private, secret and sensitive and shall be kept confidential and secret, except any disclosure (a) to my legal representatives, (b) as otherwise required of you by law, (c) in order for you to perform the services required of you by us, (d) as authorized by us in writing or (e) if previously disclosed publicly by or on behalf of the party about whom the confidential information pertains. You understand that any disclosure, directly or indirectly, by you or any person furnished or designated by you in the course of your performance of services for us hereunder, of any confidential information, shall constitute, amongst other things, a breach of trust and confidence, a breach of fiduciary duty, invasion of privacy and a misappropriation of Artist's and our exclusive property rights and rights of publicity and may constitute fraud.

      4. You will promptly notify us of any unauthorized release, disclosure, use, transmission or exploitation of the Proprietary Materials or excerpts thereof, public or otherwise.

      5. You understand that this Agreement does not obligate us to disclose any further information, materials or negotiate or enter into any agreement or relationship with you or to utilize your services in any manner, medium or form. You will strictly abide by any and all instructions and restrictions provided by Artist or us with respect to Proprietary Material and Artist's requests. You will ensure the security of any facilities, machines, accounts, passwords and methods you use to store any Proprietary Materials or to access to Artist's or our computer systems or digital data and ensure that no other person has or obtains access thereto.

      6. The terms of this Agreement will remain in effect with respect to the Proprietary Materials at all times in perpetuity.

      7. You acknowledge and agree that due to the unique nature of the Proprietary Materials, any breach of this agreement would cause irreparable harm to Artist and us for which damages are not an adequate remedy, and that we shall therefore be entitled to equitable relief in addition to all other remedies available at law. You further acknowledge that in the event of any breach or threatened breach of this agreement due to the disclosure of any Proprietary Materials, we shall have the right to obtain or seek to obtain a preliminary injunction, permanent injunction or restraining order preventing the disclosure or any further disclosure of confidential information protected hereunder. In the event you breach any covenant contained in this agreement, in addition to all other rights or remedies available to us, we shall be entitled to injunctive relief and, without limitation, the right to prevent the dissemination of any materials described in this paragraph before such materials are published. Moreover, in addition to the foregoing, you agree that it would be difficult to determine the damages, with precision, to be suffered by Artist or us in the event of a breach or violation in any manner of this agreement. Therefore, in the event you, or any persons or entities furnished or designated by you, breach any of the provisions of this agreement, you shall pay us as liquidated damages an amount equal to two hundred percent (200%) of the full amount of any and all consideration or payment you receive, but in no event less than the amount of Two Hundred Thousand Dollars ($200,000.00), which such aggregate liquidated damages amount the parties agree is a reasonable forecast of the damages that would be sustained by Artist or us in the event of such a breach of this paragraph by you or any persons or entities furnished or designated by you.

8. This Agreement is personal to you, is non-assignable by you, but shall include and apply to all persons furnished, employed or designated by you in the course of your performance of services for us hereunder. This Agreement is governed by the laws of the State of California and may be modified or waived only in writing signed by both parties. If any provision of this Agreement is found to be unenforceable, such provision will be limited or deleted to the minimum extent necessary so that the remaining terms remain in full force and effect. The prevailing party in any dispute or legal action regarding the subject matter of this Agreement shall be entitled to recover attorneys' fees and costs.

Acknowledged and agreed as of this date: _____9/8/15_____, 2015:

By: _____

Print Name: _____Naeem Munaf_____

Agreed and accepted:

Sisyphus Touring, Inc.

By: _____

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2016, I electronically filed the foregoing **DECLARATION OF NAEEM MUNAF** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*Joey S. Gossett*
Joey S. Gossett

King, Holmes, Paterno & Soriano, LLP

3483.062/985329.1
DECLARATION OF NAEEM MUNAF